Judge Underwood,
delivered the opinion of the court.
Orr the 14th of November, 1818, Parrner, as executor of Finley’s will, drew two orders, one on Francis Brown, the other on Daniel Lake, both to the following effect: “l.et Joel Williams and John Sowder have the rent corn that is coming to George Finley’s estate. You can ascertain bow many acres Of cleared land ybu have in possession of said estate. Let them have all the rent and take the number of barrels down, tor said Williams and Sowder is to pay me $1 75 cents for each barrel.” These orders were signed by Parmer, dated and properly directed. Brown and Lake delivered each, about twenty barrels of corn to Williams and Sowder, upon the order to him addressed, and the corn was hauled away in Sowder’s wagon, he driving the team. The corn not having been fully *331 paid for, Parmer warranted Sowder and obtained a judgment for .$28. Sowder appealed to the circuit court; but before the appeal was tried, the parties com-' promised; Parmer agreeing to abate or reduce the judgment, recovered before the magistrate, one third, and Sowder agreeing to dismiss his appeal at his costs. This agreement was reduced to writing. Thereafter, Parmer warranted upon it and recovered a judgment which was injoined by Sowder. The circuit court perpetuated the injunction. To reverse the decree, Parmer prosecutes a writ of error.
Sowder alleges, that he never contracted separately" or jointly with Williams for the corn, that he can neither read nor write, and that the orders were fraudulently drawn by Parmer, without his (Sowder’s) knowledge, in favor of Williams and himself, jointly; that he had nothing to dp with the corn but to haul it as wagoner for Williams, and that he was seduced into the compromise by the fraudulent practices of Parmer, who alarmed his fears in the absence of his lawyer, &c. The answer of Parmer, although it is not as explícitas it might have been, in responding to the various allegations of the bill, is nevertheless, sufficient to put the complainant upon the proof of his material allegations.
In examining the evidence, we are of opinion, that, the complainant has altogether failed to show that he was seduced into the compromise by the fraudulent practices of the plaintiff in error. There is no evidence to prove that his attorney neglected to attend to his suit, or failed to give him council, nor is there a particle of proof from which it can be inferred that he was ignorant of the facts or of his rights. It is satisfactorily shown that the orders were written, in the manner they were, at his own house (although he was not at home at the time,) and with the knowledge of his family, some of whom, protested against it at the time. It is clear from the deposition of Sowder’s son, that he was informed that his name was in the orders, and that if he went for the coin he might or would have to pay for it. He did go for it under these circumstances, with Williams, his son-in-law. He afterwards compromised. We perceive no ground for disturbing the com-promise, and therefore, we are of opinion, that the. court erred in perpetuating the injunction,
T. Marshall, for plaintiff; Fecmdcr, for defendant.
Wherefore, the decree is reversed and the cause re manded,wilh directions to dissolve the injunction with damages, and to dismiss the bill with costs.
The plaintiff in error must recover his costs in this court.